UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


ERIC D. STUMP,

      Plaintiff,

  v.                                        Civil Action 2:18-cv-1777
                                              Judge George C. Smith
                                              Magistrate Judge Chelsey M. Vascura

CITY OF MOUNT VERNON,

      Defendant.


## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Eric D. Stump, who is proceeding without the assistance of counsel, brings this action against the City of Mount Vernon, Ohio, seeking damages. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, which is **GRANTED**. (ECF No. 1.) Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[1]Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, Plaintiff was falsely charged by the City of Mount Vernon of the crime of inducing panic on February 28, 2018. (Pl.'s Compl. 2, ECF No. 1-1.) The Affidavit Charging Violation of Ordinance states that Plaintiff "did commit inducing panic by

3

causing the evacuation of any public place or otherwise causing serious public inconvenience or alarm, by threatening to commit any offense of violence" in violation of Section 509.06(a)(2) of the Codified Ordinances of the City of Mount Vernon, Ohio. (ECF No. 1-2, PAGEID #7.) An article dated May 4, 2018, from the Mount Vernon News stated that the charges were dropped against Plaintiff because surveillance video showed Plaintiff to be elsewhere at the time the alleged crime occurred. (*Id.* at PAGEID #6.) Plaintiff alleges that Defendant "falsely filed an affidavit" charging Plaintiff with the violation; "falsely filed a summons" against Plaintiff; and "wrongfully issued a Personal Bailiff Service to appear at" Plaintiff's residence. (Pl.'s Compl. 2, ECF No. 1-1.) Plaintiff seeks $250,000 in damages from Defendant.

### III.

The undersigned finds that Plaintiff has failed to state a claim upon which relief can be granted such that dismissal under § 1915(e)(2) is proper. The undersigned construes Plaintiff's complaint to seek relief from the City of Mount Vernon for malicious prosecution in violation of his constitutional rights under 42 U.S.C. § 1983. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because Plaintiff has failed to allege that an official policy or custom of the City of Mount Vernon resulted in the violation of his constitutional rights, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to § 1915(e)(2).

In the alternative, even if Plaintiff had sued the individuals involved in bringing the ultimately-dropped charges instead of the City, the undersigned finds that Plaintiff has not alleged a sufficient factual basis to support a malicious prosecution claim. The Sixth Circuit recognizes a constitutional claim of malicious prosecution under the Fourth Amendment,

4

encompassing wrongful investigation, prosecution, conviction, and incarceration. *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006). The federal cause of action for malicious prosecution has four elements: (1) the defendant made, influenced, or participated in a decision to prosecute the plaintiff; (2) there was a lack of probable cause for the prosecution; (3) as a result of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010). Plaintiff is required to "show, at a minimum, that there is no probable cause to justify an arrest or a prosecution." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 397 (6th Cir. 2016) (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 675 (6th Cir. 2005)).

Plaintiff has failed to allege any facts supporting a lack of probable cause or a deprivation of liberty apart from the initial seizure. Even though the charges were subsequently dropped after Plaintiff was shown to be elsewhere at the time of the alleged offense, Plaintiff does not allege that Defendant lacked good reason to believe he had committed the crime at the time of the charges. Nor does Plaintiff allege that he ever suffered a deprivation of liberty. For these alternative reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to § 1915(e)(2).

## IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE